Mary Elizabeth SHANNON; Plaintiff–Respondent,

v.

Mary Carolyne JOHNSON and Lenzie L. Leftridge, Jr., et al., Defendant–Appellant,

and

Fred B. Fuhrmeister, Defendant/Cross–Appellant.

Nos. 52072, 52100 and 52101.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 10, 1987.

Application to Transfer Denied Jan. 20, 1988.

William G. Reeves, Farmington, for cross-appellant.

David L. Mayhugh, Flat River, for defendant-appellant.

Virgil Kenneth Rohrer, Farmington, for plaintiff-respondent.

STEPHAN, Judge.

This is an appeal from a judgment of the Circuit Court of Madison County.[1] The trial court determined that, under the provisions of a spendthrift trust, trust property could not be encumbered by one of the beneficiaries, even though she had reached the age specified in the trust at which she was to receive her half of the principal. The court also determined, however, that even though the beneficiary could not encumber the property, the beneficiary's creditor could have first lien rights on the proceeds when the trust property was sold. We affirm the judgment on different grounds.

Esther C. Pfefferkorn executed her Last Will and Testament on February 11, 1964. This will was still in effect when she died on December 5, 1978. Her husband predeceased her and, accordingly under the terms of the will, the bulk of her estate went to J.B. Schnapp as trustee on behalf of her daughter Mary Elizabeth Eichhorn (now Shannon) and her granddaughter Mary Carolyne Johnson, Shannon's daughter.

Under the terms of the trust one-half of the net income was to be credited to Shannon, and the other half to Johnson.

With respect to Shannon the trust provided:

C. Until my daughter, Mary Elizabeth Eichhorn, reaches the age of forty (40) years, the Trustee shall pay her portion of the income of the Trust directly to her, monthly; and when my daughter, Mary Elizabeth Eichhorn, attains the age of forty (40) years, then the Trustee shall pay her portion of the principal, and any

---

1. There were three actions which were consolidated below. Three appeals were filed with this court which were then consolidated.

accumulated income of the Trust directly to her.

With respect to Johnson the Trust provided:

D. Until my granddaughter, Mary Carolyne Johnson, attains the age of thirty (30) years, the Trustee shall have the right and discretion to accumulate the income of the Trust which shall be invested and become as principal unless needed for the proper support of Mary Carolyne Johnson, for her proper support. It is my belief that the parents of Mary Carolyne Johnson should provide for her support; and, therefore, I grant the discretion and responsibility to the Trustee to determine whether or not any or all of the income of this portion of the Trust Estate should be used for her benefit.

E. When my granddaughter, Mary Carolyne Johnson, attains the age eighteen (18) years, then the Trustee shall have the duty of paying her portion of the income of the Trust directly to her monthly for her support and education.

F. When my granddaughter, Mary Carolyne Johnson, attains the age of thirty (30) years, then her portion of the Trust shall terminate and the Trustee shall turn over her portion of the principal and income remaining in the Trust estate.

The trust also contained a spendthrift provision that read as follows:

H. Neither the principal nor the income of the trust estate herein created shall be liable for the debts of the beneficiaries, nor shall the same be subject to seizure by any creditor of the beneficiaries under any writ or proceeding at law, or in equity. The beneficiaries shall have no power to sell, assign, transfer, encumber or in any manner to anticipate or dispose of their interest in the Trust estate or the income produced thereby.

Shannon turned forty on April 13, 1980. On April 14, 1980, the trustee distributed her one-half share of the personal property in the trust estate. The trustee did not distribute, or convey in any way, two tracts of land owned by the trust. The trustee, J.B. Schnapp, felt that title to a one-half interest automatically vested in Shannon when she turned forty; and he therefore thought it unnecessary to take any action to convey the interest to her.

On January 12, 1981, Johnson suffered personal injuries when she was shot by Shannon. Shannon was subsequently arrested in connection with the shooting. In order to make bail, Shannon signed an $8,000 promissory note on February 16, 1981 and secured it with a deed of trust on the real property contained in the trust.[2] The note was executed to the bondsman, Fred B. Fuhrmeister, and the deed of trust was executed in favor of Ronald Pedigo as trustee and Fred B. Fuhrmeister as beneficiary under the deed of trust.

Shannon sued for partition of the real estate on March 6, 1981. In her First Amended Petition she requested partition or, in the alternative, sale of the real estate and division of the proceeds. The parties filed a stipulation for settlement; and, on September 22, 1981, the court ordered "that Lenzie L. Leftridge, Jr., successor-trustee of the Estate of Esther C. Pfefferkorn trust is authorized to sell the real properties of the Esther C. Pfefferkorn Trust at private sale without further order or approval of Court."

Shannon defaulted on her promissory note to Fred Fuhrmeister. He filed suit on March 24, 1984 and obtained a judgment to proceed on the deed of trust.

The successor-trustee filed a petition to quiet title and for declaratory judgment alleging that, in his capacity as successor-trustee of the Esther C. Pfefferkorn Trust, he held the property in fee simple absolute and that Shannon's effort to encumber it was a nullity. He also alleged that, by virtue of the promissory note and deed of trust signed by Shannon, Fred Fuhrmeister was claiming an interest in real estate contained in the trust. The trial court entered judgment on July 7, 1986, overruling the successor-trustee's motion for summary

2. Shannon was subsequently convicted and incarcerated. Thereafter, a statutory trustee, Robert Bowman, was appointed to represent her interests. § 460.010, RSMo 1986, et seq.

judgment and Fuhrmeister's motion to dismiss. The court then found that Fuhrmeister's judgment was not a valid lien on the trust property but was a valid judgment in all other respects. It was, therefore, a first lien on any proceeds derived from the sale of the trust property.

Johnson appeals the denial of the motion for summary judgment and the granting of a first lien on the proceeds of the sale. Fuhrmeister, joined by Shannon's statutory trustee, appeals the denial of the motion to dismiss and the finding that the title to real estate did not automatically vest in Shannon when she reached age forty.

We note at the outset that the trial judge acted properly in overruling both the motion for summary judgment and the motion to dismiss.

■ Fuhrmeister argues that the case should have been dismissed because Johnson and the successor-trustee (Leftridge) are collaterally estopped from denying Shannon's interest vested when she reached age forty. There are four factors to consider when we determine if collateral estoppel should apply. They are: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment upon the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. banc 1984) quoting from *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979).

■ We hold that collateral estoppel does not apply because the issues in this action and the issues in Shannon's petition to partition are not identical. In the earlier partition suit filed by Shannon in March 1981 the court only decided if the trustee could properly sell or partition the trust property. In the later action to quiet title filed April 11, 1985, which is the subject of this appeal, the issue before the trial court

was a determination whether the spendthrift provision was still in effect when Shannon signed the deed of trust on February 16, 1981. We agree the issues presented in the two trial court proceedings were similar, but they were not identical. Collateral estoppel is, therefore, not applicable; and the motion to dismiss was properly overruled.

■ Summary judgment was also not appropriate. Summary judgment is only granted when the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. Supreme Court Rule 74.04; *Mercantile Trust Company v. Carp*, 648 S.W.2d 920, 923 (Mo.1983); *Pitman Manufacturing Company v. Centropolis Transfer Company*, 461 S.W.2d 866, 872 (Mo. 1970). Summary judgment is not proper in this case as a matter of law. The trustee has a duty to seasonably distribute the principal of the trust after the time set for termination. In this case, the trustee had two opportunities, in 1980 when Shannon reached age 40 and in 1981 when the trial court ordered that the property be sold and the funds distributed. Since the trustee did not act to distribute the principal within a reasonable time of either of these two events, it would be inequitable to grant summary judgment.

■ The Esther C. Pfefferkorn Trust contained a valid spendthrift provision which was to remain in effect until the trust terminated. Generally, a trust terminates when the trustee gives a final accounting and conveys the trust property to the beneficiaries. The trustee must act within a reasonable time of the termination date if one is specified in the trust instrument. 4 A. Scott, The Law of Trusts § 344 (3d Ed. 1967); *American Cancer Society, St. Louis Division v. Hammerstein*, 631 S.W.2d 858, 865 (Mo.App.1981). The trustee of the Pfefferkorn trust was unsure of how to distribute the real property, so termination did not occur until July 23, 1981 when it was ordered, pursuant to a stipu-

lated settlement agreement, that the real estate was to be sold and the proceeds divided between the two beneficiaries, with Johnson's share remaining in trust.

The deed of trust was, therefore, not an effective encumbrance on the real property because it was signed prior to the date of termination. The judgment against Shannon in July 1984 was, however, a valid judgment lien on Shannon's property. Since the trust had terminated as to Shannon at that time, Fuhrmeister obtained first lien rights on the proceeds of the sale.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., CARL R. GAERTNER, J., concur.