CITY OF STE. GENEVIEVE, Missouri,
a Municipal Corporation,
Respondent/Plaintiff,

v.

STE. GENEVIEVE READY MIX, INC.,
Respondent/Defendant,

v.

Alan PICKARD and Nancy Pickard, et
al., Appellants/Intervenors.

No. 54534.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 31, 1989.

Robert Denlow, St. Louis, for appellant.

Nancy Lee Browne, Cape Girardeau, for respondent.

SATZ, Judge.

This is a condemnation action. The City of Ste. Genevieve (City) seeks to condemn a tract of land owned by Ste. Genevieve Ready Mix, Inc. (Ready Mix) for the purpose of building a street. Alan and Nancy Pickard and others (Intervenors) filed a motion to intervene. The condemnation issue was submitted to the court after a hearing on that issue. The motion to intervene was then submitted to the court on facts stipulated to by the City and Intervenors. The trial court denied the motion to intervene and approved the condemnation. No appeal was taken from the condemnation judgment. Intervenors appeal from the denial of their motion. We affirm.

This condemnation is related to a prior action involving the same tract of land. The tract is in the Rozier Addition Subdivision, and, as can be seen from the following diagram, the tract is about 30 feet wide, runs generally north and south and lies south of the Guethle Subdivision.

In 1972, Rozier Investment Co. (Rozier), the developer of the Rozier Subdivision, brought suit to enjoin Ready Mix from using the tract in issue "as a street, roadway or thoroughfare...." That suit was tried on stipulated facts. The parties stipulated to the existence of a restrictive covenant which provided that the tract in question was subject

> to restriction on [its] use ... to residential purposes only. Also to exclude the establishment of Trailer Courts or the houseing [sic] of Trailers thereon and to exclude the building of low roof type residences which do not extend, in height, above the ground level.

The parties also stipulated that Rozier "seeks to enjoin" Ready Mix "from using the tract ... for the purpose of a street, roadway and thoroughfare for means of ingress and egress to [Ready Mix's] adjoining tract of land," the Guethle Subdivision. Without making specific Findings of Fact or Conclusions of Law, the trial court enjoined Ready Mix from using the tract in issue "as a roadway ..., or as a street or thoroughfare."

In the present action, the City and Intervenors also stipulated to certain specific facts, among which are: the tract in issue is the same tract that was in issue in the prior suit, Intervenors' property is in the

Rozier Subdivision, each of the deeds to their property contains the same covenant as the covenant in the prior suit, and, in the prior suit, Rozier obtained a permanent injunction enjoining Ready Mix from using the tract in issue as a street. At the request of the City and Intervenors, the court also took judicial notice of the entire record of the prior suit. On this record, the court found the City would be using the tract in issue for a "public use", "a public road", which, the court found, would not violate the "restrictive covenants burdening the property," and, therefore, the court concluded, "Intervenors have no compensible property interest."

On appeal, Intervenors admit the City has a right to condemn the tract in issue. They note, however, that the deeds to their property contain the same restrictive covenant that is contained in the deed to the tract in issue here. Therefore, Intervenors contend, the restrictive covenant creates in each of them a reciprocal easement in that tract. The covenant and, in turn, the easement, they argue, was adjudged in the prior lawsuit to be a prohibition against the use of the tract in issue as a street or road. That judgment, Intervenors contend, collaterally estops the City from denying the existence of each of their easements and, therefore, the City may condemn the tract in issue but it must compensate the Intervenors for the taking of their easements. Intervenors argument is misdirected, and, thus, misses the mark.

■ Collateral estoppel is issue preclusion, the barring of relitigation of an issue by the same parties or those in privity with them. *Kansas City Area Transp. Auth. v. 4550 Main Assocs., Inc.*, 742 S.W.2d 182, 188 (Mo.App.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 1020, 98 L.Ed.2d 985 (1988). Four factors must be considered in determining whether collateral estoppel applies. These are:

(1) Whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment upon the merits; (3) whether the party against whom collateral estoppel is asserted is a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Shannon v. Johnson*, 741 S.W.2d 791, 794 (Mo.App.1987); *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979).

■ It is questionable, in the present case, whether the City, "the party against whom collateral estoppel is asserted," is "a party or in privity with a party to the prior adjudication." "A *privy*", within the doctrine of collateral estoppel, "means one so related by identity of interest with the party to the judgment that such party represented the same legal right." *Stadium Bank v. Milton*, 589 S.W.2d 338, 343 (Mo. App.1979). To establish privity, Intervenors point out that Ready Mix, the owner of the tract in issue, was a party defendant in the prior lawsuit. Since the City takes this tract by condemnation, Intervenors contend, the City takes the tract as any other successor in interest would, and, as a successor in interest to Ready Mix, the City is "bound by the [prior] judgment."

■ This argument assumes an essential fact that does not exist. The City had not yet condemned the tract in issue at the time Intervenors attempted to intervene. Moreover, Intervenors do not argue they are in privity with either of the parties to the prior lawsuit, Rozier or Ready Mix. Thus, even if we assume the issue here is identical to the issue adjudicated in the prior lawsuit, Intervenors' claim, as Intervenors assert it, does not come within the purview of collateral estoppel. Intervenors may be reaching for the doctrine of *stare decisis,* a doctrine beyond their grasp. The precedent of the prior trial court's judgment binds neither the trial court here nor this Court in determining the rights between strangers to the prior court's judgment.

More important, Intervenors contend the issue decided in the prior lawsuit was the legal effect of the restrictive covenant; an issue, Intervenors argue, identical to the issue here. In the prior lawsuit, they con-

tend, the legal effect of the covenant was found to prohibit the use of the tract in issue for a street or road; that effect, intervenors argue, must be given here. We disagree.

The issue foreclosed by the prior judgment was not the issue defined by Intervenors. The restrictive covenant was not interpreted in pristine isolation. It was interpreted in the context of stipulated facts, and those facts defined the issue to be: whether the restrictive covenant prohibited a private party, Ready Mix, from using the tract in issue for a commercial purpose, a means "of ingress and egress" to another tract of land it owned in the Guethle Subdivision.

Admittedly, the prayer for relief and order entered in the prior lawsuit are worded as if the focus was on the prohibition of the tract in issue from use as "a roadway ... or a street or thoroughfare." But the facts stipulated to clearly show the tract in issue was being used by Ready Mix, a private party, as a private drive for strictly commercial purposes. Thus, it was stipulated:

7. ... defendant, [Ready–Mix] has improved for and is presently using the ... real estate ... for the purpose of a street, roadway and thoroughfare *for means of ingress and egress to defendant's adjoining tract of land....*

9. Plaintiff [Rozier] seeks to enjoin defendant [Ready–Mix] from using the tract ... for the purpose of a street, roadway and thoroughfare for means of *ingress and egress to defendant's adjoining tract of land ...* contending that the restrictions of record prohibit such a use.

10. Defendant [Ready–Mix] contends the restrictions ... do not prevent the defendant from using the tract ... for the purpose of a street, roadway and thoroughfare for means of *ingress and egress to defendant's adjoining tract of land....* (emphasis added)

In addition, Rozier, in its memorandum of law submitted to the court, stated other facts which emphasized to the court that the issue was whether the tract could be used by a private party for a private drive for commercial purposes. Thus, Rozier stated:

The driveway constructed by [Ready Mix] for ingress and egress constitutes an arm or extension of the abutting property [property owned by Ready Mix in the Guethle subdivision]. But for the driveway outlet, there would be no business possible, unless [Ready Mix] made another driveway on his [sic] own property.

. . . .

The dimunition of property values along Cedar Lane would be substantial as a result of the commercial activity in a formerly quiet, dust free residential area.

. . . .

Another circumstance to consider is the serious traffic hazard to children in the subdivision from the constant flow of large cement trucks along Cedar Lane. This danger could hardly have been anticipated by families who moved into the subdivision several years ago.

Furthermore, there is the inevitable damage to subdivision streets done daily by [Ready Mix's] trucks loaded down with cement, escalating the maintenance and repair costs to [Rozier].

No extended discussion is needed to support the obvious substantive difference between determining, in the prior lawsuit, whether the restrictive covenant prohibited a private party from using the tract as a private drive for commercial purposes and determining, in the present lawsuit, whether the same covenant prohibits a public entity from using the tract as a public street. Quite simply, the two issues are not identical, and, thus, collateral estoppel did not bind the trial court here to the meaning of the covenant argued by Intervenors.

■ The trial court here, not being bound by the prior judgment, considered the covenant and properly interpreted it. The covenant basically restricts the use of the tract in issue to "residential purposes." Our Courts have consistently held that similar restrictive covenants do not prohibit the use of the land as a street.

In *Vinyard v. St. Louis County*, 399 S.W.2d 99 (Mo.1966), the restriction provided that "[n]o structure shall be erected on any residential building lot other than one detached single family dwelling ..." *Id.* at 105. The Court held this restriction did not prevent the use of land as a driveway to apartments on land not bound by the restrictions. The court rejected the argument that the driveway was a business rather than residential purpose. The court said the restriction applied to the type of dwelling not the use of the land. *Id.* at 106. Similarly, in *Albrecht v. State Highway Comm'n*, 363 S.W.2d 643, 646 (Mo. 1962), the Court held that a highway did not violate a covenant which provided that "no building on any residence lot shall be used directly or indirectly for business of any character ...," because, the Court said, the restriction applied to the use of the buildings not the lots themselves. *Id.* at 646. And, in a more recent case, this Court has held that a covenant "not to erect ... any building intended for any purpose except a one family private residence ..." does not prevent the use of the land as a parking lot because the restriction applies only to the type of building on the land. *Dierberg v. Wills*, 700 S.W.2d 461, 468 (Mo.App.1985).

Intervenors, however, argue that the language of the covenant in issue here differs from the language of the covenants in the cited cases. Intervenors focus on the part of the present covenant which reads: "The above described [lot] being subject to restriction on the use of said parcel to residential purposes only." Even limiting the covenant to this single sentence, it strains common sense to construe the covenant as prohibiting a street, which would provide a thoroughfare for the residents. But, the covenant here goes on "to exclude the establishment of Trailer Courts or the houseing [sic] of Trailers thereon and to exclude the building of low roof type residences which do not extend, in height, above the ground level." Viewed in its complete form, the restriction clearly is focused on the type of structure to be put on the land and does not prohibit the use of the land as a street.

JUDGMENT AFFIRMED.

SMITH, P.J., and GRIMM, J., concur.