**ECONOMY FIRE AND CASUALTY COMPANY, Respondent,**

v.

**Betty Ann HASTE, et al., Appellants.**

**Nos. WD 43651, WD 43663 and WD 43682.**

Missouri Court of Appeals, Western District.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1992.

Application to Transfer Denied March 24, 1992.

---

Martin M. Meyers, Kansas City, for Betty Ann Haste.

William R. Merryman, Kansas City, for Paul D. Howell, et al.

Sharlie Pender, Kansas City, for Trustee Frank J. Murphy.

Roy A. Larson, Jr., Kansas City, for Economy Fire and Cas. Co.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

Appellants appeal from the order of the trial court sustaining Respondent, Economy Fire and Casualty Company's Motion for Summary Judgment in Economy's Declaratory Judgment action. Economy's declaratory judgment action involved two underlying causes of action in regard to which Economy sought declaration from the court that Economy was excluded from providing coverage for the actions of Economy's insured, Robert A. Berdella, Jr.

In one of the underlying causes, appellant Betty Ann Haste brought suit against Economy's insured, Berdella, for the wrongful death of her son, Todd Lee Stoops, seeking damages pursuant to § 537.090, RSMo 1986. The other cause joined the wrongful death actions, against Economy's insured, Berdella, of appellants Paul Howell and Betty Howell for the death of their son, Jerry Howell; Robert James Sheldon and Connie Sheldon, for the death of their son, Robert Allen Sheldon; and Harriet Sanders, Bonnie Ferris and Jamie Nicole Ferris, for the death of James Ferris, their son, husband and father, respectively. Additionally, the second cause of action included claims by the Estates of Jerry Howell, Robert Allen Sheldon and James Ferris by their respective personal representatives for injuries received by said individuals prior to their deaths, allegedly pursuant to § 537.020, RSMo 1986, and presumably for injuries not recoverable under the wrongful death actions.[1] (Todd Lee Stoops, Jerry Howell, Robert Allen Sheldon, and James Ferris will hereinafter be referred to collectively as the victims.)

---

1. In this regard, the victims were held captive by Berdella for some time and subjected to a variety of torture and abuse that arguably did not contribute to their deaths. However, as this opinion later demonstrates, it is not necessary to determine, under the facts here, the validity of the separate claims by the estates in addition to the actions for wrongful death.

There is no dispute that Berdella was Economy's insured under the applicable homeowners policies at all relevant times herein. The facts also establish that each of the victims was taken captive by Berdella, held against his will at Berdella's home, subjected to torture, sexual and otherwise, by Berdella and that each of the victims died while being held captive by Berdella. Further, there was no dispute that the relevant insurance policies provided coverage for personal injury and property damage for which Berdella was legally responsible, but excluded coverage for bodily injury expected or intended by Berdella.

In its Petition for Declaratory Judgment, Economy alleged that Berdella's acts against the victims were expected or intended and therefore, excluded from coverage under the relevant policy language. The trial court found that the appellants were collaterally estopped from arguing Berdella's intention in that Berdella had entered guilty pleas to charges of murder in relation to each of the victims. The trial court further found that the record showed that Berdella intended to kill the victims and, there being no genuine issue of material fact as to Berdella's intent, his acts were excluded from coverage under the policies of Economy. The trial court granted Economy Summary Judgment on its Petition for Declaratory Judgment.

There are essentially three points raised by the parties necessary for disposition of this appeal.

In the first point, appellants argue that the trial court erred by ruling that Berdella's guilty pleas to the murder charges against him, in relation to the deaths of each of the victims, collaterally estopped the appellants from litigating the issue of Berdella's intent within the civil actions.

■ Collateral estoppel is issue preclusion or the barring of relitigation of an issue by the same parties or those in privity with them. *City of Ste. Genevieve v. Ste. Genevieve Ready Mix, Inc.*, 765 S.W.2d 361, 364 (Mo.App.1989). The following four factors must be considered to determine whether collateral estoppel applies: 1) whether the issue presented in the prior adjudication was identical with the issue presented in the present action; 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and 4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Id.*

■ The present action, in this appeal, is the declaratory judgment action of Economy against appellants. Economy asserts, and the trial court found, that appellants are collaterally estopped from litigating the issue of Berdella's expected or intended consequences against the victims. The appellants were not parties to or in privity with a party to the criminal actions against Berdella. Accordingly, the doctrine of collateral estoppel does not bar appellants from litigating Berdella's expected or intended consequence from his acts against the victims. The trial court erred by applying the doctrine of collateral estoppel against the appellants.

Next, appellants argue that the trial court erred in granting summary judgment to Economy and finding that there were no genuine issues of material fact as to whether Economy's insured, Berdella, intended to cause death or bodily injury to his victims.

Under the Economy policies in question here, Economy is not obligated to provide coverage for bodily injury expected or intended by Berdella. Therefore, it must be determined if the record shows a genuine issue of material fact as to whether Berdella intended or expected the injuries for which Economy would otherwise be liable.

■ In addressing a summary judgment, an appellate court must review the entire record in the light most favorable to the party against whom summary judgment was entered. *Triggs v. Risinger*, 772 S.W.2d 381, 382 (Mo.App.1989). The trial court may enter summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the law entitles the moving

party to a favorable judgment. *Ronollo v. Jacobs*, 775 S.W.2d 121, 125 (Mo. banc 1989).

■ In a wrongful death action the plaintiff is entitled to recover damages pursuant to § 537.090, RSMo 1986. These damages include losses occasioned by the death itself and such damages as the decedent sustained as a direct result of the injury he received such as pain and suffering and other items the decedent would have been able to recover had he survived.[2]

■ The burden is on the insurer to establish that an exclusion bars coverage. *American Family Mutual Insurance Company v. Pacchetti*, 808 S.W.2d 369, 370 (Mo. banc 1991). Whether an insured expected or intended injury is essentially a question of fact. *Id.* at 371. Furthermore, for an exclusion for expected or intended conduct to bar coverage, the insurer must show that the insured expected or intended the result which occurred. *Id.* at 371.

In accordance with the holdings of *Pacchetti*, if the record establishes, without genuine issue of material fact, that Berdella intended or expected any of the injuries for which Economy's policies would otherwise provide coverage, then the exclusions within those policies bar coverage. The damages recoverable in the underlying actions here are basically of two kinds. Those relating to the injuries to the victims prior to death and those suffered by the plaintiffs by reason of the deaths of the victims.

■ In regard to the injuries inflicted upon the victims prior to their death, the record establishes, without genuine issue of material fact, that Berdella both expected and intended to harm the victims by torturing them with physical, sexual and psychological abuse. Any damages otherwise recoverable against Berdella for the intentional injuries inflicted on the victims prior to their death are excluded under Economy's insurance coverage regardless

of whether the claim is for injuries under the wrongful death actions or the claims of the estates of Howell, Sheldon and Ferris for injuries from various of Berdella's abusive actions that did not lead to death.

However, the record before the trial court on Economy's Motion for Summary Judgment reveals that genuine issues of material fact exist as to whether Berdella expected and intended the death of all of the victims.

■ In regard to Robert Allen Sheldon, the record reflects that Berdella held Sheldon captive and intentionally tortured him by physical and sexual abuse and then killed him by placing a plastic bag over his head, securing the bag with a rope, intentionally causing Sheldon to suffocate. There is no issue of fact but that Berdella intended to kill Sheldon. The trial court did not err by entering summary judgment in favor of Economy on the wrongful death action of appellants, Robert James Sheldon and Connie Sheldon for the death of their son, Robert Allen Sheldon. Berdella's actions in causing injury to Sheldon prior to his death and Berdella's actions in causing Sheldon's death were expected and intended.[3]

■ In regard to James Ferris, Jerry Howell and Todd Stoops, the trial court found and Economy argues, that since Berdella plead guilty to murder in the second degree, in violation of § 565.021.1(2), RSMo 1986, that there is no genuine issue but that Berdella intended their death. The trial court's analysis is in error.

Section 565.021.1(2) RSMo 1986, provides as follows:

1. A person commits the crime of murder in the second degree if he:

(2) Commits or attempts to commit any felony, and in the perpetration or the attempted perpetration of such felony or in the flight from the perpetration or attempted perpetration of such felony,

---

2. Prior to the current version of § 537.090, RSMo 1986, as adopted by the legislature in 1979, conscious pain and suffering of the decedent were not recoverable in an action for wrongful death.

3. Berdella plead guilty to murder in the first degree in regard to the death of Robert Allen Sheldon pursuant to § 565.020, RSMo 1986.

another person is killed as a result of the perpetration or attempted perpetration of such felony or immediate flight from the perpetration of such felony or attempted perpetration of such felony.

In regard to Stoops, Howell and Ferris, Berdella was charged with second degree murder by feloniously restraining said individuals, and, further, that in the perpetration of said felonious restraint said individuals were killed. It was charged that Ferris and Howell were killed by being injected with substances and gagged, in the perpetration by Berdella of felonious restraint, and that Stoops was killed by being injected with substances and by Berdella inserting his fist in Stoops' anus, which actions were undertaken by Berdella in the perpetration of felonious restraint. The record reflects that the insertion by Berdella of his fist in Stoops' anus caused bleeding and infection.

Berdella's plea of guilty to second degree murder pursuant to § 565.021.1(2), does not establish that he intended to kill either Ferris, Howell or Stoops for purposes of the underlying wrongful death actions. Furthermore, the record establishes genuine issues of material fact as to whether Berdella expected or intended to kill Stoops, Howell and Ferris.

The record reflects that Ferris, Howell and Stoops were held captive and physically and sexually abused. Berdella injected these individuals with drugs against their will and kept them gagged. Berdella did not admit, without issue, that he expected or intended to kill these individuals. To the contrary, Berdella's testimony was that he intended to hold them captive to satisfy his perverted desires. The record reflects that death came to these individuals by either drug injection, asphyxiation from being gagged, bleeding or infection. The record does establish that Berdella intended to harm these individuals, but it does not establish, without genuine issue of material fact, that Berdella intended to kill either Ferris, Howell or Stoops.

The trial court did not err by precluding recovery against Economy on the question of damages for injuries to the victims prior to death. However, the trial court did err by granting summary judgment in favor of Economy on damages occasioned by the deaths of Ferris, Howell and Stoops because the record does not show, without genuine issue of material fact, that Berdella expected or intended the result which occurred, i.e. the death of these individuals. *See, American Family Mutual Insurance Company v. Pacchetti,* 808 S.W.2d at 371.

Appellants argue further that the trial court erred by holding that any evidence that Berdella was suffering from a mental disease or defect would not be admissible to show that Berdella lacked intent to commit the acts against his victims.

In this regard, the trial court found that appellants had not presented a genuine issue of material fact in relation to Berdella's ability to form intent as a result of his mental condition. Additionally, the trial court held that even if evidence had been presented to show that Berdella was suffering from a mental disease or defect, that such evidence would not be admissible to negate the requisite intent established by the guilty pleas entered by Berdella.

■ When a motion for summary judgment is made and supported as provided under Rule 74.04, an adverse party may not rest on the mere allegations or denials of his pleading, or argue that he has evidence for trial that will disclose issues of fact, but his response by affidavit or otherwise, shall set forth specific facts showing that there is a genuine issue for trial. *Kroh Brothers Development Company v. State Line Eighty–Nine, Inc.,* 506 S.W.2d 4, 12 (Mo.App.1974); Rule 74.04(e).

■ On appeal, appellants cite nothing in the record to show a genuine issue of material fact that Berdella lacked the ability to form intent because of his mental state. Appellants do not show that they presented facts to the trial court in support of their position on this issue. Appellants appear to be arguing that they could have presented evidence at trial to show that Berdella did not have the mental capacity to form intent. Such an argument is not

sufficient to overcome a motion for summary judgment.

It is not necessary to address the question of whether evidence that Berdella was suffering from a mental disease or defect would be admissible to negate intent because as discussed herein, nothing is referenced in the record to establish a question of fact as to Berdella's ability to form intent. Since the appellants' underlying premise is not supported under the record, it is not necessary, for disposition of this appeal, to discuss what the legal effect would be, if any, if the record had supported appellants' contention.

The order of the trial court granting summary judgment excluding insurance coverage by Economy on the wrongful death action of Robert James Sheldon and Connie Sheldon for the death of their son, Robert Allen Sheldon, is affirmed. The record also supports summary judgment in favor of Economy excluding coverage on the claims of the estates of Jerry Howell, Robert Allen Sheldon and James Ferris.

The order of the trial court granting summary judgment excluding insurance coverage by Economy on the wrongful death actions of Betty Ann Haste, for the death of her son, Todd Lee Stoops; Paul Howell and Betty Howell for the death of their son, Jerry Howell; and Harriet Sanders, Bonnie Ferris and Jamie Nicole Ferris for the death of James Ferris, their son, husband and father, respectively, is reversed to the extent that it precludes litigation of the issue of coverage for damages for losses occasioned by the deaths of Todd Lee Stoops, Jerry Howell and James Ferris. However, said parties are precluded from submitting damages, against Economy, for the intentional injuries inflicted upon these victims by Berdella prior to their deaths.

This cause is remanded for further proceedings consistent with this opinion.

All concur.