Robert THORNBURG, et al., Respondents,

v.

**FARMERS INSURANCE COMPANY,** Appellant.

No. WD 46511.

Missouri Court of Appeals, Western District.

July 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Glenn Edward Bradford, Kansas City, for appellant.

John Edmund Turner, Kansas City, for respondents.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant, Farmers Insurance Company, appeals from judgments based upon jury verdicts in favor of Robert Thornburg ($135,000 for personal injuries) and his wife, Jean Thornburg ($9,000 for loss of consortium). The Thornburgs brought suit under the uninsured motorist coverage in their Farmers policy for Robert's injuries, which had been caused by the alleged negligence of John B. Waters in the operation of his uninsured motor vehicle. The jury's verdict found total damages of $150,000 and $10,000 respectively, reduced by 10 percent for fault on Robert's part.

The facts:

Robert was a police sergeant. On July 4, 1988, he was working as desk sergeant at the South Kansas City police station. He was questioning John B. Waters in the police station when Waters abruptly fled to his car in the police station parking lot. Robert and a fellow police officer pursued him. Waters, disregarding the officers' calls for him to stop, ran to his car, jumped into the car and started it. He backed up the car and in doing so backed over Robert's fellow officer. Robert reached through Waters's open window and seized him by the shirt. Waters drove off. Robert was dragged some distance before he dropped off. He was injured in the incident.

Farmers Insurance Company complains of the verdict-directing instruction, patterned after MAI–4d 31.11. The instruction read as follows:

## INSTRUCTION NO. 5

In your verdict you must assess a percentage of fault to John Waters whether or not plaintiff was partly at fault if you believe:

First, John Waters knew or by the use of ordinary care should have known of the presence of plaintiff in a position of danger near the car in time thereafter to have remained stopped, stopped or slackened his speed, but John Waters failed to do so, and

Second, John Waters was thereby negligent, and,

Third, such negligence of the operator directly caused or directly contributed to cause any damage plaintiff may have sustained.

Farmers Insurance Company says there should have been another paragraph which required the jury to find that plaintiff Robert Thornburg's injuries were the result of an "accident." It submitted an instruction which included that submission, a converse instruction on accident, and also an instruction defining "accident." These instructions were refused.[1]

---

1. The refused instructions read as follows:

INSTRUCTION NO. A

In your verdict you must assess a percentage of fault to John Waters whether or not plaintiff was partly at fault if you believe:

First, John Waters was the operator of an uninsured motor vehicle, and

Second, John Waters knew or by the use of ordinary care should have known of the presence of plaintiff in a position of danger near the car in time thereafter to have remained stopped, stopped or slackened his speed, but John Waters failed to do so, and

Third, John Waters was thereby negligent, and,

Farmers Insurance Company argues that it is liable on its uninsured motorist coverage of its policy only if its insured's injuries were the result of an "accident." It cites the following policy language:

> We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner or operator of an **uninsured motor vehicle** because of bodily injury sustained by the **insured person.** The bodily injury must be caused by **accident** and arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**
>
>    \*     \*     \*     \*     \*     \*
>
> **Accident** or **occurrence** means a sudden event, including continuous or repeated exposure to the same conditions, resulting in **bodily injury** or property damage **neither expected nor intended by the** insured person.

The claim that plaintiff's injuries did not result from an accident, and that they were, therefore, not included in the policy's uninsured motorist coverage, was raised in Farmers answer as an affirmative defense.

■ We look to section 379.203 RSMo 1986, the statute which requires uninsured motorist coverage in every automobile liability policy. The coverage is "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury ... resulting therefrom." The "resulting therefrom" means "resulting from the uninsured motor vehicle," or "resulting from the operation of the uninsured motor vehicle." The statute does not say "resulting from an accident" involving the uninsured motor vehicle. When the policy undertakes so to limit the coverage, as Farmers says it does limit it, it undertakes to

narrow the coverage mandated by section 379.203. Any such attempted limitation upon the coverage required by the statute is against public policy and is void. *See Shepherd v. American States Ins. Co.,* 671 S.W.2d 777 (Mo. banc 1984) (Provision in policy excluding coverage for injuries sustained while occupying vehicle owned by insured but not covered by policy violates public policy.); *Cameron Mut. Ins. Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976) (Public policy prohibits insurer from limiting insured to one of the insured uninsured motorist clauses included in policy written on two cars.); *Martin v. State Farm Mut. Auto. Ins. Co.,* 755 S.W.2d 638 (Mo.App. 1988) (Insurer's attempt to exclude government vehicles from definition of uninsured motor vehicle violates public policy and purpose of § 379.203.); *Keeler v. Farmers & Merchants Ins. Co.,* 724 S.W.2d 307 (Mo. App.1987) (Attempt to exclude intentional acts of uninsured motorist from coverage under a policy would violate uninsured motorist statute.)

■ It is true that an uninsured motorist claim will in nearly every instance have been an accident, at least from the standpoint of the injured insured. But it is not the scheme of the statute to make proof of "accident" a necessary part of the plaintiff's case, nor to make the absence of "accident" an affirmative defense against his claim.

■ Our understanding of the statute as explained in the preceding paragraphs is borne out by MAI–4d 31.11 and MAI–4d 31.12, the verdict-directing instructions in uninsured motorist cases. These instructions direct a verdict for the plaintiff upon findings that the operator of the uninsured motor vehicle was negligent in the operation of the vehicle, and that the plaintiff

Fourth, such negligence of the operator directly caused or directly contributed to cause any damage plaintiff may have sustained, and

Fifth, plaintiff Robert Thornburg sustained bodily injuries as the result of the accident.

INSTRUCTION NO. B

Your verdict must be for defendant unless you believe that plaintiff Robert Thornburg sustained bodily injuries as the result of an accident.

INSTRUCTION NO. C

The term "accident" as used in these instructions means a sudden event resulting in bodily injury neither expected nor intended by plaintiff Robert Thornburg. The term "expected" as used in this instruction means plaintiff Robert Thornburg realized or should have realized that there was a strong probability that bodily injury would result from his acts.

sustained damage as a result of such negligence. The statute and these instructions require a causal relationship between the negligent operation of the automobile and the injury to the plaintiff. They do not go further to make an issue of the "accident" character of the occurrence which caused the injury.

We see nothing in the statute or in the MAI instructions which would make the presence or absence of "accident" an issue in these uninsured motorist cases. That would introduce into the cases an issue which has called forth many a metaphysical argument and many a nice distinction in other types of cases, i.e., *Economy Fire & Casualty Co. v. Haste*, 824 S.W.2d 41 (Mo. App.1991) (Seeking to recover for wrongful death under homeowner's policy); *Cappo v. Allstate Life Ins. Co.*, 809 S.W.2d 131 (Mo.App.1991) (Accidental death benefit in life insurance policy); *Keeler v. Farmers & Merchants Ins. Co.*, 724 S.W.2d 307 (Mo. App.1987) (Uninsured motorist coverage); *Herbst v. J.C. Penney Ins. Co.*, 679 S.W.2d 381 (Mo.App.1984) (Accidental death benefit in life insurance policy).

In this case, for example, Farmers would like to argue, on the basis of Thornburg's testimony, that his injury was to be "expected" when he and the other police officer attempted to prevent the flight of John B. Waters in his car; that his injury was, therefore, not an "accident" under the definition submitted in the instruction; and that he, therefore, was not entitled to recover against Farmers on the uninsured motorist coverage.

Our holding here is not in conflict with the Southern District case of *Keeler v. Farmers & Merchants Ins. Co.*, 724 S.W.2d 307 (Mo.App.1987). Farmers cites the case because the court examined the occurrence—the intentional infliction of injury by uninsured motorist—and determined that the occurrence was an accident as a matter of law. It held the occurrence had to be viewed from the standpoint of the injured plaintiff, rather than that of the uninsured motorist. The court, deciding only the issue tendered to it by the parties, assumed that there would be no uninsured

motorist coverage if the injury did not result from "accident;" it did not decide that question. Had the court determined that the occurrence was not an "accident," or had it determined that the presence or absence of accident was an issue to be decided by the jury, then it would have faced the issue we are dealing with in the present case, to wit, whether the policy may restrict uninsured motorist coverage to those cases involving "accident." We have held the policy may not so diminish the coverage.

Farmers cites *Willard v. Kelley*, 803 P.2d 1124 (Okla.1990), which held that the "accident" character of the occurrence causing the injury was an issue under uninsured motorist coverage which by its terms, like the policy in the present case, so limited coverage. Although Oklahoma's uninsured motorist coverage statute, like Missouri's, did not contain the "accident" requirement—the "accident" requirement, as in the case before us, was found only in the policy—the Oklahoma Supreme Court did not discuss the ground upon which we rest our decision in the present case, a ground firmly established in Missouri cases, namely, that the policy may not restrict the coverage required by the statute. *Shepherd v. American States Ins. Co.*, 671 S.W.2d 777 (Mo. banc 1984); *Cameron Mut. Ins. Co. v. Madden*, 533 S.W.2d 538 (Mo. banc 1976); *Martin v. State Farm Mut. Auto. Ins. Co.*, 755 S.W.2d 638 (Mo. App.1988); *Keeler v. Farmers & Merchants Ins. Co.*, 724 S.W.2d 307 (Mo.App. 1987). We elect not to follow Oklahoma's lead on this issue.

Judgment affirmed.

All concur.