**Arthur LEMMONS, Plaintiff–Appellant,**

v.

**PRUDENTIAL PROPERTY & CASUALTY INS. CO. and American Family Mutual Ins. Co., Defendants–Respondents.**

No. 64285.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1994.

James E. Hullverson, Jr., The Hullverson Law Firm, St. Louis, for plaintiff-appellant.

Joseph R. Swift, Brown & James, P.C., Russell F. Watters, St. Louis, for Prudential Property & Cas. Ins. Co.

Jerry R. Wilding, Holtkamp, Liese, Beckemeier & Childress, P.C., St. Louis, for American Family Mut. Ins. Co.

PUDLOWSKI, Judge.

We are being asked to extend the interpretation of Missouri's Uninsured Motorist Statute to require that companies offering uninsured motorist insurance provide coverage to insureds injured in fisticuffs occurring after car collisions. We decline this request and affirm the trial court's finding.

On January 27, 1989, Arthur Lemmons (appellant) was driving his car when he was struck in the rear by a car occupied by unknown and unidentified individuals. The unidentified driver proceeded to sideswipe appellant's car. Appellant stipulated that he was not injured during either of these colli-

sions. Both cars then stopped. One of the unidentified men utilized a pipe to break two of the windows in appellant's car. Appellant then saw the driver of the other car approaching him through his rearview mirror. Appellant unlocked his door and began to step out of his car screaming "Hey, you hit my car." While appellant was standing between the open car door and the car, the unidentified driver of the other car attacked appellant with his fist and a second pipe. Appellant eventually escaped by jumping on a passing bus.

Appellant sustained serious head and jaw injuries at the hands of his assailants. He filed claims for uninsured motorist and medical payment coverage against Prudential Insurance Company (Prudential) and American Family Insurance Company (American). Prudential held the policy on the car appellant was driving on the day he was attacked and American held the policy on another car appellant owned. Both companies denied coverage. Appellant then brought suit against the companies. The parties submitted the case on the pleadings, a set of stipulated facts and appellant's deposition. The trial judge entered judgment in favor of the insurance companies on the basis that the uninsured vehicle was not the instrumentality which injured appellant and the subsequent assault constituted an intervening cause which severed any causal relationship between the use of the vehicle and appellant's injuries. This appeal followed.

■ In a court-tried case, the judgment of the trial court should be affirmed unless there is no evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. When a case is submitted on stipulated facts, but the parties have not conceded all ultimate facts or factual inferences, we review the record in the light most favorable to the respondent and disregard all inferences which are favorable to the appellant. *Graue v. Missouri Property Ins. Placement Facility*, 847 S.W.2d 779, 782 (Mo. banc 1993).

■ Appellant first claims the trial court erroneously found he was not entitled to uninsured motorist benefits. Section 379.203 RSMo Cum.Supp.1993 dictates the minimum requirements for uninsured motorist policies. Insurance companies, of course, are always free to implement policies which exceed the statutory requirements. *See Omaha Indem. Co. v. Pall, Inc.*, 817 S.W.2d 491, 498 (Mo. App.E.D., S.D.1991) (citation omitted). Section 379.203.1 provides in relevant part:

No automobile liability insurance covering *liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto,* or in the case of any commercial motor vehicle, as defined in section 301.010 RSMo, any employer having a fleet of five or more passenger vehicles, such coverage is offered therein or supplemental thereto *in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.* Such legal entitlement exists although the identity of the owner or operator of the motor vehicle cannot be established because such owner or operator and the motor vehicle departed the scene of the occurrence occasioning such bodily injury, sickness, or disease, including death, before identification. It also exists whether or not physical contact was made between the uninsured motor vehicle and the insured, or the insured's motor vehicle.... [emphasis added].

Appellant claims both Prudential's and American's uninsured motorist policies violate Missouri's Uninsured Motorist statute. Prudential's Uninsured Motorist Coverage Policy provides:

If you have this coverage (see the Declarations), we will pay up to our limit of liability for bodily injury that is covered under this part when an insured (whether or not occupying a car) is *struck by an uninsured vehicle*. Our payment is based on the amount that our insured is legally entitled to recover for bodily injury but could not

collect from the owner or driver of the uninsured motor vehicle because:

> * THE OWNER OR DRIVER IS NOT INSURED
>
> .   .   .   .   .
>
> * THE ACCIDENT IS A HIT AND RUN
>
> The owner and the driver of the *motor vehicle which caused bodily injury by hitting a person insured under this part or by hitting a car that person was occupying at the time of the accident* cannot be identified.... (emphasis added).

American's Uninsured Motorist Coverage Policy provides:

> ... we will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be sustained by an insured person and *must be caused by accident and arise out of the use of the uninsured motor vehicle....*
>
> 3. *Uninsured motor vehicle means a vehicle which is:*
>
> .   .   .   .   .   .
>
> c. *A hit-and-run* whose operator or owner is unknown and *which causes bodily injury to you or a relative.* (emphasis added).

■ Appellant first contends American's requirement the injury "must be caused by accident and arise out of the use of the uninsured motor vehicle" violates Missouri's uninsured motorist statute which our court has held does not differentiate between negligent and intentional acts. *See Thornburg v. Farmers Ins. Co.,* 859 S.W.2d 847, 849 (Mo. App.W.D.1993); *See also Keeler v. Farmers and Merchants Ins. Co.,* 724 S.W.2d 307, 309–310 (Mo.App.S.D.1987) (in determining whether the injury arose from an "accident", court considers situation from point of view of innocent insured). However, appellant failed in the trial court not because the acts which led to his injuries were intentional but rather, because under Missouri law the automobile must be more than just the situs of the injury; it must be the instrumentality

which caused the injury. *See* ALAN I. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 11.-5(b) *Injuries Resulting from the Intentional Tortious Acts of Someone Occupying a Vehicle* at 534; *Altercations Following a "Motoring Incident"* at 538–541 (2nd ed. 1992) ("a vehicle is inherently no different from any other place or object and its existence or use becomes no more than the situs of injuries caused by accidents or intentional acts bearing no causal relationship to its nature as a vehicle...." (citation omitted)).

Appellant argues American's policy that the injury "must be caused by accident and arise out of the use of the uninsured motor vehicle" and Prudential's requirement that the injury occur when an insured is "struck by an uninsured vehicle" violate Missouri law because the correct test for determining whether coverage applies is one of proximate cause. He claims coverage under these circumstances should be mandated because fights are a foreseeable consequence of car collisions and they may arise out of the operation or use of the vehicle in an unbroken chain of events. Appellant, therefore, tries to show that the assault and battery occurred only moments after the cars stopped, that appellant may have had one foot still in the car or have been standing between the open door and the car at the time of the attack, that the collision inflamed the unidentified driver who then attacked appellant and appellant's injuries were therefore "caused" by or "[arose] out of" the collision.

In *Stucky v. Long,* 783 P.2d 500, 504–5 (Okl.App.1989), an insured alleged an assailant tried to run him off the road and then, after the insured stopped near a police car and exited his vehicle, attacked the insured with his fists. The court held: "The motor vehicle of the tortfeasor ... was used to create hostility and to bring about the circumstances which led [the insured] to stop his car near a police car. However, he was not injured until they were out of the cars and [the assailant] began beating him with his fists. Although it can be argued [the insured] would not have been in that place at that time if [the assailant] had not tried to run him off the road, the injuries [the in-

sured] received did not arise out of the use of [the assailant's] automobile. There was no causal connection between the uninsured motor vehicle and the [insured's] injuries. *Id.* at 504–505.

■ The Florida Supreme Court reached a similar result in *Race v. Nationwide Mut. Fire Ins. Co.*, 542 So.2d 347 (Fla.1989). In *Race*, the court held the loose nexus test utilized in determining whether an insurance company must provide personal injury protection, *see Government Employees Ins. Co. v. Novak*, 453 So.2d 1116 (Fla.1984)[1], does not apply in determining whether the company must pay uninsured motorist benefits. The Florida Supreme Court set up three rules to determine if uninsured motorist benefits are due in a given case:

1. The accident must have arisen out of the inherent nature of the automobile, as such;

2. The accident must have arisen within the natural territorial limits of an automobile, and the actual use, loading, or unloading must not have terminated;

3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury. *Id.* at 349.

Utilizing these rules, the court found injuries sustained by an insured, who was assaulted on the highway by the driver of an uninsured vehicle following a minor collision, were not covered by the uninsured motorist provision. The court noted "[T]he most that can be said is that the driving of the uninsured motorist which caused the accident created an atmosphere of hostility between the parties. It had nothing to do with [the insured's] injuries, which only came about several minutes later when [the assailant] thought [the insured] was reaching for a gun." *Id.* at 351. We adopt the guidelines articulated in *Race* to aid our court in determining whether uninsured motorist benefits are owed. *See* 3 ROWLAND H. LONG, THE LAW OF LIA-

BILITY INSURANCE § 24.14 at 24–74 (1994).

Citing *Roller v. Stonewall Ins. Co.*, 55 Wash.App. 758, 780 P.2d 278 (1989), appellant also claims there is "foursquare precedent" in his favor because appellant's deposition contained some evidence that appellant may have been alighting from his car in order to assess the damage to his car or to exchange information with the other driver and he was therefore "using" or "maintaining" his vehicle at the time that he was attacked. In addition to the fact that this case was reversed by *Roller v. Stonewall Ins. Co.*, 115 Wash.2d 679, 801 P.2d 207 (1990), this case is distinguishable because appellant was not hit by a vehicle when he was allegedly stepping out of his car to ascertain the damage or to exchange information, as was the case in *Roller*. Appellant stipulated he was in no way injured by the car collisions; therefore, even if appellant was stepping out of his car to exchange information or to assess the damage this situation would not satisfy the first or the third prong of the test set out in *Race*.

We have considered all of the cases from other states cited by appellant as well as many cases which we found through our own research. Some of the cases in which the appellate court found coverage are unpersuasive and do not warrant discussion. In some of the cases which appellant cites as support, the vehicle was the instrumentality which caused the injuries. For example, in *Thornburg*, 859 S.W.2d 847, a police officer was injured when he put his hand through the window of a car in an effort to stop a fleeing felon. When the felon started the car the police officer was dragged along side of the car and consequently sustained serious injuries. The police officer was, therefore, injured due to the car's movement. In the majority of the cases in which the insured was injured due to instrumentalities bearing only a minimal nexus to the vehicle, courts have denied coverage. For example, in

---

1. In *Novak*, 453 So.2d 1116, an assailant shot a woman in her car after she refused to give him a ride. The court held that the car need not cause the injury and that the insured was entitled to *personal injury protection benefits* since "a highly substantial connection between [the insured's] use of the motor vehicle and the event causing her fatal injury, obtaining a ride in or possession of the motor vehicle, was what motivated the deranged [assailant] to approach and attack the deceased." *Id.* at 1119.

*Brown v. Shelter Mut. Ins. Co.*, 838 S.W.2d 148 (Mo.App.W.D.1992), while the driver of a car was handling a gun and displaying it to his passenger, the gun accidentally discharged and killed the passenger. At the time the gun discharged, the car was parked; however, both the driver and the passenger were seated within it. The plaintiff claimed that the incident should be covered by the uninsured motorist statute because the vehicle was being used to transport the gun and the passenger. The trial court granted the insurance company's motion for summary judgment on the ground the shooting did not arise out of the ownership, maintenance or use of the motor vehicle. *Id.* at 150. The court of appeals affirmed the decision of the trial court. *Id.* at 151. *See also Cameron Mut. Ins. v. Ward*, 599 S.W.2d 13, 18 (Mo. App.W.D.1980).

Further, in *Sciascia v. American Insurance Co.*, 183 N.J.Super. 352, 443 A.2d 1118 (1982), cited by the appellant, the New Jersey Superior Court denied uninsured motorist coverage in a drive-by-shooting case.[2] The court found a passenger's intentional firing of a shotgun from a moving vehicle cannot be considered to have arisen out of the use of the car even if the uninsured driver knew of his passenger's intentions and aided him in carrying out his plan by driving the car. *Id.*, 443 A.2d at 1122. "[T]his unfortunate occurrence," the court noted, "although unforeseen and unexpected by decedent insured, was not one which, in the contemplation of the parties to the [uninsured motorist] contract, was a natural and probable incident or consequence of the use of the automobile by an uninsured motorist. It was not a risk against which the insurer and the insured might reasonably expect that protection would be afforded under a policy providing uninsured motorist coverage." *Id.* The court then denied plaintiff's motion for summary judgment and, finding there was no genuine question of material fact, treated the case as though the insurance company had submitted a cross-motion for summary judgment which the court then granted. *Id. See also Ford v. Monroe*, 559 S.W.2d 759, 763 (Mo.App.Spr.D.1977).

Section 379.203.1 RSMo Cum.Supp. 1993 only requires companies offering uninsured motorist insurance provide coverage in incidents in which the insured's injuries "[arose] out of the ownership, maintenance or use of any motor vehicle." It, therefore, does not require insurers to be guarantors of an insured's safety in a situation in which a motor vehicle is not the instrumentality which causes the injury. Moreover, neither Prudential nor American expressed any intention to provide greater uninsured motorist coverage than required by statute. The trial court, therefore, did not err when it denied appellant coverage under the uninsured motorist policies.

Appellant also asks this court to reverse the trial court's determination that appellant was not entitled to coverage under Prudential's or American's medical payment policies. Prudential's Medical Payments Coverage Policy provides:

PART 2 MEDICAL PAYMENTS—*IF YOU ARE INJURED IN A CAR ACCIDENT* ...

[coverage is limited to injuries] which *result from a car accident* covered under this part (emphasis added)

American's Medical Payments Coverage Policy provides:

We will pay fair expenses incurred for necessary medical and funeral services performed *within one year of the accident because of bodily injury to an insured person.*

Insured person or insured persons means:

1. You or any relative *while occupying, or when struck by, a highway vehicle or trailer....* (emphasis added)

Missouri does not have a statute which regulates medical payments coverage in the same manner which § 379.203 RSMo Cum.Supp.1993 regulates Uninsured Motorist Coverage policies. Therefore, in deciding this issue, we must refer only to the contract terms. A review of the policies demonstrates that neither insurance company offered medical payments coverage for injuries which were not sustained during a car colli-

---

**2.** Appellant erroneously claimed at p. 21 of his brief that the court found coverage in this case.

sion. Accordingly, we affirm the judgment of the lower court.

SIMON, P.J., and CRANDALL, J., concur.