**Barbara WARD, Plaintiff/Appellant,**

v.

**INTERNATIONAL INDEMNITY CO., Defendant/Respondent.**

**No. 66706.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 4, 1995.

*Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1995.*

---

Gregory G. Fenlon, Godfrey & Fenlon, St. Louis, for appellant.

Gerard T. Noce, Evans & Dixon, St. Louis, for respondent.

CRANE, Presiding Judge.

A passenger in an unidentified motor vehicle shot and killed Neno Ward while he was driving his own motor vehicle. Neno Ward's mother, plaintiff Barbara Ward, brought this action against Neno Ward's automobile insurer, International Indemnity Company, to recover under the uninsured motorist clause of his policy. The trial court granted insurer's motion for summary judgment on the grounds that the injury was not covered under the policy. Plaintiff appeals. We affirm.

For her sole point on appeal plaintiff contends that the trial court erred in granting summary judgment in insurer's favor. She asserts there remained a genuine issue of material fact as to whether the phantom uninsured motor vehicle was being "used" within the meaning of the insurance policy at the time Neno Ward was shot.

Neno Ward's policy, which was in effect on the date of the shooting, contained the following uninsured motorist clause:

We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.

Section 379.203.1 RSMo 1994 mandates that automobile liability insurance cannot be issued without minimum uninsured motorist coverage for incidents in which insured's injuries arise out of the ownership, maintenance, or use of any motor vehicle. *See Lemmons v. Prudential Prop. & Casualty Ins. Co.*, 878 S.W.2d 853, 858 (Mo.App.1994).

Plaintiff argues that the phantom uninsured vehicle was an instrumentality of the shooting, that it aided and abetted the shooter, and, therefore, Neno Ward's fatal injuries resulted from the "use" of the uninsured vehicle as defined by the uninsured motorist clause of his policy.

Missouri cases interpreting "use" require that the uninsured automobile be more than just the "situs" of the injury; it must be the "instrumentality" which caused the injury. *Lemmons*, 878 S.W.2d at 856; *Steelman v. Holford*, 765 S.W.2d 372, 378 (Mo.App.1989); *Brown v. Shelter Mutual Ins. Co.*, 838

S.W.2d 148, 151 (Mo.App.1992); *Cameron Mutual Ins. Co. v. Ward,* 599 S.W.2d 13, 15 (Mo.App.1980). Injuries inflicted on a victim of a drive-by shooting by the occupant of a motor vehicle are not injuries which arise out of the "use" of the motor vehicle because the motor vehicle is merely the "situs" or "locus" of the cause of the victim's injuries and the discharge of the gun is unconnected to the inherent use of the motor vehicle. *Steelman,* 765 S.W.2d at 378. *See also Ford v. Monroe,* 559 S.W.2d 759 (Mo.App.1977) (an insured's passenger injured by shots fired from an uninsured vehicle could not recover under the uninsured motorist clause of insured's policy because the bullet injury was not caused by an accident "arising out of the ownership, maintenance or use" of the uninsured vehicle).

In *Lemmons,* 878 S.W.2d at 858, we cited with approval *Sciascia v. American Ins. Co.,* 183 N.J.Super. 352, 443 A.2d 1118 (1982). In *Sciascia* the New Jersey Superior Court answered plaintiff's aiding and abetting argument by finding that a passenger's intentional firing of a shotgun from a moving vehicle cannot be considered to have arisen out of the "use" of the uninsured automobile even if the uninsured driver knew of his passenger's intentions and aided him in carrying out his plan by driving the car. 443 A.2d at 1122.

> [T]his unfortunate occurrence, although unforeseen and unexpected by decedent insured, was not one which, in the contemplation of the parties to the [uninsured motorist] contract, was a natural and probable incident or consequence of the use of an automobile by an uninsured motorist. It was not a risk against which the insurer and the insured might reasonably expect that protection would be afforded under a policy providing uninsured motorist coverage.

*Id.*

The facts relating to how Neno Ward's injury occurred were not in dispute. Whether those facts supported a "use" within the coverage provisions was a question of law. The trial court did not err in granting summary judgment as a matter of law in favor of insurer.

The judgment of the trial court is affirmed.

CRANDALL and DOWD, JJ., concur.